## PETER McGINTY v. PATRICK CARTER.

In an action of trespass, in the court for the trial of small causes, the verdict of a jury was for the defendant. On appeal by the plaintiff to the Court of Common Pleas, the defendant demanded a jury, which was refused, under act of March 12th, 1880, (*Pamph. L., p.* 326, § 2,) because the judgment appealed from did not exceed, exclusive of costs, the sum of $30. *Held,* that the defendant could not be denied his right to a jury trial.

On *certiorari* to the Court of Common Pleas of Middlesex county.

Argued at November Term, 1885, before Justices SCUDDER and REED.

For the plaintiff, *J. K. Rice.*

For the defendant, *R. Adrain.*

The opinion of the court was delivered by

SCUDDER, J. An action of trespass was brought by the plaintiff against the defendant in the court for the trial of small causes. It was tried before a justice of the peace and a jury, and resulted in a verdict of not guilty. On appeal by the plaintiff to the Court of Common Pleas from the judgment entered on this verdict, both parties demanded a trial by jury. It was refused, tried by the court without jury, and judgment of guilty was rendered against the defendant, with damages assessed at $15. The defendant has brought the case here by writ of *certiorari,* and asks that the judgment against him for damages in the Court of Common Pleas shall be reversed. The only reason assigned is that he was denied a trial by jury in that court. This denial was based on the supplement to the Small Cause act, dated March 12th, 1880. *Pamph. L.*, *p.* 326, § 2. This section is an amendment of section 88 of the original act. *Rev.*, *p.* 555. The section, prior to amendment, was : " That every appeal from the judgment of any justice of the peace, founded on the verdict of a jury, shall be heard and determined by the court to whom such appeal is or shall be made, unless either of the parties to the said appeal shall demand a trial by jury," &c. It secured to either party on appeal a trial by jury where there had been a jury trial before the justice, if it were demanded. This provision for a jury trial on appeal, re-enacted in the Revision of 1874, is found in the act of November 23d, 1821, (*Elm. Dig.*, *p.* 290, § 77,) and has continued to be the law

regulating this class of appeals, until the amendment of March 12th, 1880, was passed. This introduced a denial of the right to demand a trial by jury where the judgment appealed from shall not exceed, exclusive of costs, the sum of $30, and retained it where the judgment exceeds $30, exclusive of costs.

As in this case the verdict of the jury in the trial before the justice did not exceed the sum of $30, being for the defendant, the court on appeal held that this amendment took away the trial by jury on the appeal. If this be so, the result will be that in all cases in the court for the trial of small causes, where there is a verdict for the defendant, the plaintiff may appeal and deprive the defendant of his right of a jury trial in the appellate court on the facts of the case, whatever may be the amount in dispute.

The act of 1821, above referred to, was in effect when the constitution of 1844 was passed, which ordained that the right of trial by jury shall remain inviolate. In *Howe* v. *Plainfield*, 8 *Vroom* 145, it is said this provision is substantially the same as that upon the same subject contained in the constitution of 1776, and neither was intended to extend the right of trial by jury to cases where it did not previously attach. Citing *McGear* v. *Woodruff*, 4 *Vroom* 213.

As this right of trial by jury had attached in cases of appeal where there has been a jury trial before the justice of the peace in the court for the trial of small causes, no legislation, after the adoption of the constitution of 1884, could deprive a party of that right, unless he assented by express waiver of this personal privilege secured to him. Such is the intimation given by this court in *Wanser* v. *Atkinson*, 14 *Vroom* 571, where, after collating the several acts relating to the trial by jury on appeals, and concluding that the language of the constitution does not require the legislature to furnish a trial by jury to suitors on appeal from justices' courts, where they have chosen to try their cause without a jury in the first instance, it carefully guards against any such conclusion where there has been a jury trial in the justices' court. It seems to be a wrong in this case, that the defendant, who

has had a verdict of a jury in an action of tort in his favor, in the court for the trial of small causes, should, when the plaintiff brings him before another tribunal for a retrial of the facts, find a law confronting him which says he shall have no jury trial. It is both incongruous and unjust, and in my judgment he is protected in this right by the constitution, which prohibits legislation to deprive him of its security.

The judgment will be reversed, but without costs, as the error was in the court, and not the fault of the plaintiff, who also demanded a jury on the appeal.