**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1194
_____

HECTOR SANCHEZ-ESCANDON,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a Final Order of the
Board of Immigration Appeals
No. A216-647-159
Immigration Judge: Alice Song Hartye
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on
March 4, 2022

Before: McKEE,* AMBRO**, and SMITH, *Circuit Judges*

(Opinion filed: February 17, 2023)

_____

OPINION***

_____

---

* Judge McKee assumed senior status on October 21, 2022.
** Judge Ambro assumed senior status on February 6, 2023.
*** This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge*.

Hector Sanchez-Escandon petitions for review of the Board of Immigration Appeals' final order of removal and its denial of his motion to remand. For the reasons that follow, we will grant the petition, vacate the BIA's decision, and remand for further proceedings consistent with this opinion.

## I.[1]

Sanchez-Escandon sought cancellation of removal, arguing that it would result in an exceptional and extremely unusual hardship for his family. He is married, has two stepdaughters, and has one biological son from a previous relationship. Among his arguments, Sanchez-Escandon contended that his removal would impose a particular hardship on his son, who had been suffering emotional and psychological distress since his father's detention. The Immigration Judge found that—although Sanchez-Escandon's son would be left with his stepmother who did not have legal custody of him— "it is only reasonable to assume [he] will be adequately cared for and supported."[2] The IJ explained: "One parent will remain in the United States."[3] After considering the other potential hardships, the IJ denied Sanchez-Escandon's application for cancellation of removal.

---

[1] The BIA had jurisdiction to hear Sanchez's case under 8 C.F.R. §§ 1003.1(b)(3) and 1240.15 (2019), which grant it appellate jurisdiction over the decisions of immigration judges in removal cases. Our jurisdiction to review the Board's order is governed by 8 U.S.C. § 1252, which confers exclusive jurisdiction on the federal courts of appeals to review most final orders of removal. *See* 8 U.S.C. §§ 1252(a)(1), (5).

[2] A.R. 78.

[3] A.R. 78.

Sanchez-Escandon appealed this denial to the BIA. While his appeal was pending, he also filed a motion to remand for consideration of additional information regarding his son's psychological harm and the strained relationship between his son and his wife. The BIA adopted and affirmed the IJ's denial of the cancellation of removal and denied the motion for remand.

## II.

Although we do not have jurisdiction to review the BIA and IJ's discretionary determinations, we retain jurisdiction to review colorable constitutional claims and questions of law.[4] The Attorney General argues that we lack jurisdiction to review the agency's denial of Sanchez-Escandon's application for cancellation of removal because the determination that he had not shown sufficient hardship is discretionary. The agency, however, based this decision on an erroneous conclusion of law—that Sanchez-Escandon's son would have "one parent…remain[ing] in the United States."[5]

"Parent" is a legal term, typically governed by state law, but also defined by federal law in the Immigration and Nationality Act.[6] The INA defines "parent" as someone who has a relationship with a "child," as defined by the statute.[7] The INA specifies that this definition applies in the context of non-citizen admission qualifications and entry documents, such as visas.[8] The statute offers no definition of either term in the

---

[4] 8 U.S.C. §§ 1252(a)(2)(B)(i), (D).
[5] A.R. 78.
[6] *See* 8 U.S.C. § 1101(b)(2).
[7] *Id.*
[8] *See id*.

removal context.[9] Where a family law term is not defined or is ambiguous under the INA, we look to relevant state law.[10]

West Virginia law[11] defines "parent" as an "individual defined as a parent, by law, on the basis of biological relationship, presumed biological relationship, legal adoption or other recognized grounds."[12] The West Virginia Supreme Court has held that, "[t]he phrase 'other recognized grounds' refers to those individuals or entities who have been formally accorded parental status or the functional equivalent thereof by way of statute or judicial decree."[13] There is no evidence in this record to suggest that Sanchez-Escandon's wife has been formally accorded parental status by way of statute or judicial decree. The BIA's determination that "[o]ne parent will remain in the United States" is, therefore, an error of law which we have jurisdiction to resolve.

The record indicates that, besides his father, Sanchez-Escandon's son has no other immediate biological family in the United States.[14] Removing Sanchez-Escandon, consequently, leaves his son without a legal parent or guardian, creating a ward of the state. The agency's denial of relief ignores the fact that Sanchez-Escandon's removal will

---

[9] The only other definition of "child" is found in 8 U.S.C.§ 1101(c)(1), which addresses citizenship and naturalization.

[10] *Bagot v. Ashcroft*, 398 F.3d 252, 258-9 (3d Cir. 2005) (holding that "it is appropriate to look to state law to define 'legal custody'" because the INA did not define the term and because "[l]egal relationships between parents and children are typically governed by state law…") (internal citations omitted).

[11] We apply West Virginia law because Sanchez-Escandon was living there before his detention and his family remains there.

[12] W. Va. Code Ann. § 48-1-232 (West 2022).

[13] *In re Clifford K.*, 619 S.E.2d 138, 151 (W. Va. 2005).

[14] Sanchez-Escandon has one brother, who is also an undocumented immigrant, living in the United States. His wife testified that the family has no relationship with him.

leave his 12-year-old son without the supervision or guidance of anyone who is legally responsible for him. The BIA must consider whether this creates the kind of qualifying hardship that should entitle Sanchez-Escandon to relief from removal. In addition, given the son's young age, it is difficult for us to understand how an appropriate determination could be made without considering all information that would bear on the circumstances and welfare of the son, including any evidence of the strained relationship between the son and his stepmother.

Accordingly, we will remand to the BIA to consider the extent to which depriving Sanchez-Escandon's son of a legal guardian while entrusting him to someone with whom he may have a contentious relationship qualifies as the kind of hardship that should entitle Sanchez-Escandon to relief.

**III.**

For the reasons described above, we therefore grant the petition, vacate the BIA's decision, and remand for further proceedings consistent with this opinion.